**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON BONIFACIO PORTILLO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 14-71690 <br><br> Agency No. A094-302-359 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Marlon Bonifacio Portillo, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

In his opening brief, Portillo does not challenge the agency's dispositive determination that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to excuse the untimeliness. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition for review as to Portillo's asylum claim.

Substantial evidence supports the agency's determination that Portillo failed to establish that any harm he experienced or fears in El Salvador was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Further, the agency did not err in finding that Portillo failed

2                                                                    14-71690

to establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  In light of this disposition, we need not reach Portillo's contentions as to internal relocation in El Salvador or whether the government of El Salvador is unwilling or unable to control his persecutors.  *See Simeonov*, 371 F.3d at 538 ("As a general rule courts and agencies are not required to decide issues unnecessary to the results they reach." (citation omitted)).  Thus, Portillo's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Portillo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

14-71690